```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MICHAEL J. KNEITEL,                                           :
                                                              :
                                    Plaintiff,                :   22 Civ. 2047
                                                              :
               -against-                                      :   OPINION AND ORDER
                                                              :
COMMISSIONER LISETTE CAMILO, et al.,                          :
                                                              :
                                    Defendants.               :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff pro se Michael Kneitel brings this action against Defendants Commissioner Lisette Camilo, The City of New York, New York City Department of Administrative Services ("DCAS"), Katrina Porter, director of the Office of List Management and Audit at DCAS, Michael Reyes, associate general counsel for DCAS, and two unnamed DCAS examiners. The Complaint is construed to allege due process and equal protection violations pursuant to 42 U.S.C. § 1983. Defendants move to dismiss the Complaint because the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims, and because the Complaint fails to state a claim. Although the Court is sympathetic to Plaintiff's situation, for the reasons below, the claims cannot be brought in federal court and must be raised in state court. Accordingly, Defendants' motion is granted.

**I.    BACKGROUND**

The following facts are taken from the Complaint. *See Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021). The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true for purposes of this motion. *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022).

Plaintiff is an auto mechanic with the New York City Department of Sanitation ("DSNY"), a position he has held since July 2017. In May 2013, DCAS established a list of eligible candidates for an auto mechanic position, Exam No. 1045. Plaintiff was ranked fourth on the list of eligible candidates. A number of city agencies interviewed Plaintiff but did not hire him. He discovered that a few of those agencies had removed him from the pool of eligible candidates after he was considered and rejected for only one opening with each of them, even though the city's Civil Service Laws provide that a candidate's name may be removed from the eligible list for a title only after the candidate has been passed over for three separate vacancies. Plaintiff complained first to the agencies, who directed him to send his complaint in writing to the Commissioner. Plaintiff wrote to Defendant Camilo, the then-Commissioner of DCAS. A director at the DCAS's Office of List Management and Audit replied to Plaintiff but did not add his name back to the eligibility list for the job title of auto mechanic. Plaintiff later filed an application with the DSNY and, on July 24, 2017, was provisionally hired as an automobile electrician.

In October 2017, DCAS published a notice of examination for the position of automobile electrician, Exam No. 8014. Plaintiff filled out the application. Exam No. 8014 had two parts: first, a written, multiple-choice test followed by a practical test. Plaintiff took and passed both parts of the test in 2018 and 2019, scoring a perfect 100 percent on the practical test. Plaintiff was one of fifteen applicants who passed both portions of Exam No. 8014. However, on May 23, 2019, DCAS deemed Plaintiff unqualified for the position based on his education and work experience. Plaintiff was surprised, as the application states, "Candidates who pass the multiple-choice test **and meet the education and experience requirements** will be scheduled to take the practical test." Plaintiff spoke with a DCAS supervisor, who informed Plaintiff that a computer,

rather than a human, had determined that Plaintiff was unqualified based on his employment application. Plaintiff believed these actions "violated the contract" between him and the DCAS because computers can process information instantly and any deficiency in his application should have been identified right away, not years after his application was submitted.

On June 3, 2019, Plaintiff filed an appeal. On July 24, 2019, the DCAS Committee on Manifest Errors reversed the decision to disqualify Plaintiff. His name was thereafter placed back on the eligibility list for the position. However, while Plaintiff's appeal was pending, DCAS had published the eligibility list for the position and, by the time Plaintiff's disqualification was reversed by DCAS, eleven applicants had been hired from the list. Plaintiff interviewed for the automobile electrician position with DSNY on September 23, 2019, and was hired to start on September 30, 2019. But because seniority is based on the date of hire, those candidates who were hired before Plaintiff's name was added back to the eligibility list now have greater seniority than he does, even though they all had lower test scores than he did. Moreover, voluntary bids of employment location were due on September 27, 2019. Since Plaintiff's start date was after the close of bids, Plaintiff was precluded from bidding. As a result, Plaintiff would be first to be moved as a "floater" while a candidate hired two months earlier would be immune from such a transfer.

On October 7, 2019, Plaintiff submitted a five-day Notice to Cure upon Camilo, expressing his disagreement with his level of seniority and requesting that DCAS correct their mistakes and make Plaintiff whole again. On October 17, 2019, Plaintiff appeared at Camilo's office and was advised that his letter was scanned by the legal department. Later that day, Defendant Reyes, the then-DCAS associate general counsel, contacted Plaintiff. Plaintiff advised Reyes that the calculation of his final adjusted score for Exam No. 8014 was inaccurate,

3

as it failed to reflect his 100 percent score on the practical test. If given the correct score, Plaintiff would have been ranked number one on the eligible list. Plaintiff also explained to Mr. Reyes that the decision to render him unqualified violated contract law and his due process rights, and requested that Mr. Reyes respond in writing. Reyes never responded.

## II.   STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Estate of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

**III.    DISCUSSION**

For the reasons below, the federal claims are dismissed. To the extent the Complaint can be construed to allege state law claims, the Court declines to exercise supplemental jurisdiction over them.

**A.  Subject Matter Jurisdiction**

Defendants assert that the Court lacks subject matter jurisdiction because Plaintiff's claim in substance is one for breach of contract, and the Court lacks diversity jurisdiction. This argument is incorrect. The Court has federal question jurisdiction sufficient to adjudicate the sufficiency of the Complaint on its merits.

A court is required to determine that it has subject matter jurisdiction before proceeding on the merits. *See Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018). "The determination of whether a claim 'arises under' federal law . . . is determined by reference to the 'well-pleaded complaint.' Federal jurisdiction must be found from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 100 (2d Cir. 2001) (cleaned up); *accord Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021); *Wright*, 887 F.3d at 584 (holding that the court had federal question jurisdiction at the outset based on a federal claim that was pleaded in the complaint but was later dismissed).

The Complaint on its face alleges a violation of federal law, 42 U.S.C. § 1983, and correctly cites as a basis for jurisdiction, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Liberally construed, the Complaint asserts federal claims under 42 U.S.C.

§ 1983 based on a violation of Plaintiff's substantive due process, procedural due process and equal protection rights under the Fourteenth Amendment.  A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).  Accordingly, the Court has federal question jurisdiction over this matter.

B.  **Substantive Due Process**

The Complaint does not allege facts that, if proven, would amount to a substantive due process violation.  "The Fourteenth Amendment guarantees more than fair process; it covers a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them."  *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021).  "Substantive due process rights safeguard persons against the government's exercise of power without any reasonable justification in the service of a legitimate governmental objective."  *Id.*

"The first step in substantive due process analysis is to identify the constitutional right at stake."  *Id.*  If such a right has been infringed, "the plaintiff 'must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  *Id.*  "The interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection."  *Id.*

Any deprivation of Plaintiff's rights in this case did not deprive Plaintiff of substantive due process.  The Complaint alleges that (i) Plaintiff was improperly removed from the pool of eligible candidates for Exam No. 1045 based on a single non-selection by each of the two removing agencies and (ii) Plaintiff was improperly disqualified for

Exam No. 8014 by the manner in which his final adjusted score was calculated.  Even if Defendants erred in handling Plaintiff's two applications, the actions were not so arbitrary and unjustifiable as to shock the conscience and rise to the level of a constitutional violation.  "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised." *Cunney v. Bd. of Trs.*, 660 F.3d 612, 626 (2d Cir. 2011); *see United States v. Ash*, 464 F. Supp. 3d 621, 632 (S.D.N.Y. 2020).  "[S]ubstantive due process does not entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious." *Kuck v. Danaher*, 600 F.3d 159, 167 (2d Cir. 2010); *accord Marom v. Town of Greenburgh*, No. 18 Civ. 7637, 2020 WL 978514, at *12 (S.D.N.Y. Feb. 28, 2020).  Here, the errors were principally routine and administrative, and do not amount to a constitutional violation.

Plaintiff argues that Defendants "deprive[d] plaintiff of property," specifically "the opportunity for employment" when DCAS deemed Plaintiff unqualified for the position, and that the error was not harmless.  The argument, however, does not describe conduct so egregious or shocking to the conscience to satisfy the "high standard required to prevail on a substantive due process claim." *DeMartino v. N.Y. State Dep't of Lab.*, 712 F. App'x 24, 26 (2d Cir. 2017) (summary order); *see, e.g.*, *Longobardi v. City of New York*, No. 21 Civ. 2705, 2022 WL 1808902, at *4 (S.D.N.Y. June 2, 2022) (dismissing substantive due process claim because the denial of plaintiff's employment application was not "conscious-shocking" or "without any reasonable justification"); *Emmerling v. Town of Richmond*, No. 9 Civ. 6418, 2010 WL 2998911, at *11 (W.D.N.Y. July 27, 2010)

7

(dismissing substantive due process claims where plaintiff had not "plausibly alleged that [defendants'] actions in terminating his employment were so egregious or outrageous that they shock the contemporary conscience"). Accordingly, the substantive due process claims are dismissed for failure to state a claim.

## C. Procedural Due Process

The Complaint also fails to allege facts that, if proven, would amount to a procedural due process violation. "In a § 1983 suit brought to enforce procedural due process rights, a court must first determine whether a property interest is implicated, and then, if it is, determine what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 931 F.3d 66, 80 (2d Cir. 2019).

When reviewing alleged procedural due process violations, "the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006); *accord Alterescu v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 925, 2022 WL 3646050, at *7 (S.D.N.Y. Aug. 23, 2022). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy." *Rivera-Powell*, 470 F.3d at 465; *accord Alterescu*, 2022 WL 3646050, at *7. As the Second Circuit has held on numerous occasions, where "a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, 'an article 78 proceeding is a perfectly adequate postdeprivation remedy.'" *Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002); *accord Corbett v. City of New York*, No. 18 Civ. 7022, 2019 WL 2502056, at *7 n.3 (S.D.N.Y. June 17, 2019). Even if an Article 78

proceeding -- a state court proceeding used to appeal the decision of a New York State or local agency -- would no longer be available, the fact that it was previously available satisfies the requirements of due process. *Campo v. N.Y.C. Emps.' Ret. Sys.*, 843 F.2d 96, 102 n.6 (2d Cir. 1988); *Sutton v. Stony Brook Univ.*, No. 18 Civ. 7434, 2020 WL 6532937, at *18 n.17 (E.D.N.Y. Nov. 5, 2020).

On the other hand, "[w]hen the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996); *accord Salahuddin v. City of Mount Vernon*, No. 20 Civ. 7021, 2022 WL 564002, at *3 (S.D.N.Y. Feb. 24, 2022). "[G]overnment actors' conduct cannot be considered random and unauthorized if the state delegated to those actors the power and authority to effect the very deprivation complained of and the concomitant duty to initiate the procedural safeguards set up by state law, even if the act in question was not sanctioned by state law." *Rivera-Powell*, 470 F.3d at 465; *accord Porter v. Town of Fine, N.Y.*, No. 18 Civ. 1289, 2022 WL 4094516, at *6 (N.D.N.Y. Sept. 6, 2022). "[T]he acts of high-ranking officials who are 'ultimate decision-marker[s]' and have 'final authority over significant matters,' even if those acts are contrary to law, should not be considered 'random and unauthorized' conduct for purposes of a procedural due process analysis." *Rivera-Powell*, 470 F.3d at 465; *accord Porter*, 2022 WL 4094516, at *6.

Here, the Complaint can be construed to assert two procedural due process claims: (1) that the unnamed DCAS examiners "unnecessarily delayed plaintiff's certification to the [Exam No. 8014] list, [which] caused plaintiff to lose his opportunity

to be hired from the list compiled June 5, 2019," and (2) that Defendants Camilo, Reyes and Porter knew of, and failed to correct, Plaintiff's disqualification from either or both of Exam Nos. 1045 and 8014. First, as to the unnamed examiners, the alleged misconduct falls within the category of claims based on "random, unauthorized acts by state employees." *Rivera-Powell*, 470 F.3d at 465. The examiners are neither high-ranking officials nor ultimate decision-makers; rather, they are alleged to be DCAS employees who were assigned to review Plaintiff's application for Exam No. 8014. As Defendants argue, Plaintiff could have, but chose not to, pursue his allegations in New York's Article 78 proceeding, which provides a "perfectly adequate postdeprivation remedy." *Grillo*, 291 F.3d at 234.

  Second, as to the alleged misconduct of Defendants Camilo, Reyes and Porter, the grievance is, ultimately, that they did not provide Plaintiff a post-deprivation remedy. The Complaint alleges that Camilo "was silent when confronted with the facts that at least two New York City Agencies removed Plaintiff from the list after being considered and not selected for one agency"; that Reyes "fail[ed] to act on Plaintiff's 5 day Notice to Cure" and correct Plaintiff's final adjusted score on Exam No. 8014 and that Porter "failed to address the germane issues" of Plaintiff being improperly removed from the list of eligible candidates for Exam. No. 1045. As explained above, the availability of an Article 78 proceeding is a legally sufficient post-deprivation process. That Defendants did not provide the relief he sought from them does not undermine the process that was available. The procedural due process claims are dismissed for failure to state a claim.

### D. Equal Protection

"The equal protection clause directs state actors to treat similarly situated people alike." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). To state a claim, plaintiff must allege "purposeful discrimination, directed at an identifiable or suspect class," *id.*, or that, as "a class of one," he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curium). *See, e.g.*, *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (vacating dismissal of Equal Protection claim under § 1983, in part, because the complaint could be read to allege a class of one Equal Protection violation); *Davis v. McCready*, No. 14 Civ. 6405, 2017 WL 627454, at *5 (S.D.N.Y. Feb. 15, 2017) (dismissing Equal Protection claim for failure to allege membership in any particular class, or differential treatment compared with others similarly situated).

Here, the Complaint fails to allege facts to support a claim under § 1983 based on an equal protection violation. The Complaint does not allege that Plaintiff was a member of a suspect class, or any class, or that Plaintiff was treated differently from people outside that class. The equal protection claim is dismissed for failure to state a claim.

### E. State Law Claims

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Tantaros*, 12 F.4th at 140. In the absence of a viable claim under federal law, the Court declines to exercise supplemental jurisdiction over any state law claim the Complaint can be construed to allege. "[A] district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (internal quotation marks omitted); *accord Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 147 (S.D.N.Y. 2020). The Court declines to exercise supplemental jurisdiction, as this case is in relatively early stages and allowing state courts to hear state law claims promotes comity between the federal and state courts. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404-05 (2d Cir. 2017) (Calabresi, J., concurring) ("[T]he default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so . . . . [O]ur circuit takes a very strong position that state issues should be decided by state courts."). Any remaining state law claims are dismissed without prejudice. Plaintiff may seek to bring these claims in state court if he wishes.

IV.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. Although the Court does not believe that any amended complaint could state a sufficient federal claim, if Plaintiff believes otherwise, he may make a request to amend the Complaint no later than **March 27, 2023**. The request should take the form of a letter, not to exceed three pages, requesting to file an amended complaint and explaining how the proposed amended complaint would cure the deficiencies identified above. If Plaintiff does not file the letter, the Court will enter final judgment of dismissal and direct the Clerk of Court to close this case. Because any state law

claims are dismissed without prejudice, Plaintiff may then seek to bring these claims in state court if he wishes.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 28 and to mail a copy of this Order to the pro se Plaintiff.

Dated: March 9, 2023
      New York, New York

                                       **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**